ELLIS, Judge.
This is a suit to annul and set aside tax sale of the south half of the following described property situated in Calcasieu Parish, Louisiana, to wit: That certain piece of land commencing 8 feet south of the northwest corner of Lot Six (6) of Block “B” of the Subdivision of the West Half (W%) of the Southeast Quarter (SE}4) of the Southwest Quarter (SW%) of Section Eighteen (18) Township Seven (7) South, Range Ten (10) West, and being sometimes designated as the Wasey Subdivision in the Town of DeQuincy thence running East 115 feet; thence south 50 feet; thence West 115 feet; thence North 50 feet to the point of commencement.
Plaintiff alleged that the tax sale was null and void for the following reasons:
(1) That the advertisement preceding the said purported sale was erroneous and not in conformity with the law, in that the period to redeem from said purported tax sale was recited in said advertisement to be one (1) year rather than three (3) years as the law provides;
(2) That the description of said property in the advertisement preceding said purported tax sale was vague, indefinite, and insufficient, to properly identify said property.
(3) That said property was sold at said purported tax sale for substantially more than the amount for which it was advertised in the advertisement preceding said purported tax sale.
*350 Defendants filed exceptions of vagueness, no right or cause of action, and a plea of prescription and peremption of three years, all of which were acted upon by the lower court and are not being urged on this appeal. Defendants’ answer was in the nature of a general denial, and after trial there was judgment in the Lower Court in favor of the plaintiffs decreeing the tax sale null and void and ordering the plaintiffs to reimburse the defendant C. D. Wood the amount paid by him at the tax sale as well as all amounts subsequently paid by him as taxes on the property, together with interest on such prior taxes as provided by law, and the defendants, C. D. Wood and Lester C. Hoover, to pay all costs of the suit.
The facts are as found by the trial court, viz.:
“ * * * that by warranty deed dated August 19th, 1941, and recorded on November 6th, 1942, in the Conveyance Records of Calcasieu Parish, plaintiffs acquired from N. C. Knight the North half (N/2) of the above described tract of land. They actually intended to purchase and Knight intended to sell to plaintiffs the entire tract, measuring SO feet wide and 1 IS feet deep, but through error the deed erroneously described only the North Half (N/2) of said tract.”
“After that sale was completed the North Half (N/2) of the property was assessed to plaintiffs and plaintiffs have paid all taxes due under such assessments as and when they become due and payable. The South Half (S/2) of the tract, however, continued to be assessed to Nathan C. Knight, and on May 27, 1944, the South Half (S/2) of said property was sold for the state, parish and special taxes due on .said property for the year 1943. The tax sale was conducted by the Sheriff and Ex-Officio Tax Collector for Calcasieu Parish, .and at such sale all of the property so assessed to Nathan C. Knight was adjudicated to C. D. Wood, one of the defendants in this suit, who was the last and highest bidder. The tax deed was dated June 19, 1944, and was recorded on July 25, 1944, in the Conveyance Records of Calcasieu Parish.”
“On April 10, 1948, C. D. Wood, the purchaser at the above mentioned tax sale sold the South Half (S/2) of the above described property to Lester C. Hoover, the other defendant. At or about the time Hoover purchased the property from Wood, he advised plaintiffs that the South Half of the tract had been adjudicated to C. D. Wood for unpaid taxes and that he had purchased it from Wood.”
“On May 5, 1948, after being advised that a portion of the property which they thought they had purchased from Knight had been sold for taxes, plaintiffs obtained a correction deed from N. C. Knight which purports to correct the original warranty deed dated August 19, 1941, to show that Knight conveyed to plaintiffs as of that date the entire tract, measuring 50 feet by 115 feet, and reciting that the property was erroneously described in said original act of sale. This action to annul the tax sale was then instituted on June 2, 1948.” In addition, the record shows that there was a house located, about the middle of the 50' x 115' lot of ground on which the plaintiffs lived from shortly after the time they had acquired the property and were so living at the time of the trial. The entire property was under fence. The tax purchaser said nothing with regard to his acquisition until after the three year period and at that time he offered to sell the half which he acquired at tax sale to the plaintiffs for $650. In the original deed, plaintiffs intended to purchase and Knight intended to sell the entire tract for the sum of $400.
The second ground urged by the plaintiffs as a basis for declaring the sale invalid has been abandoned. However, plaintiffs still contend that the sale is null and void for either or both of the other grounds. As we are of the opinion that the trial judge was correct in rendering judgment in favor of the plaintiffs annulling the tax sale on the third ground urged, it is unnecessary to discuss or pass upon plaintiffs’ first contention as a ground of nullity.
Section 53 of Act No. 170 of 1898 provides that in the advertisement for the sale of property for delinquent taxes the advertisement shall state “the names in *351 alphabetical order, the amount of taxes assessed in each year on each specific piece of property, then the description of each specific piece of immovable property to be offered for sale.” It is shown by the record that the advertisement which immediately preceded the tax sale listed the amount of taxes, interest and costs as being due by Nathan C. Knight on the S/2 of the said tract as $2.01. The amount actually due for taxes, interest and costs and which the purchaser was required to pay as shown by the Sheriff’s tax deed was $2.71, comprised of the following:
State tax.10
Parish tax.56
Total .$ .66
Interest .05
Advertising. 1.75
Costs .25
Total ....$2.71
Thus, the advertisement called for the sale of the property without the payment of taxes and only one cent as interest in that the other items are actual costs of notice and advertising. It, therefore, fails to state the amount of taxes assessed as required by law. (Emphasis ours.)
The case of Calcasieu Inv. Co., Inc., v. Corbello’s Heirs, La.App., 175 So. 101, 103, decided by this Court with Judge Ott as the organ, was one in which a tax sale was held to be valid even though it was made for slightly less than the amount actually due. In that case, the amount of taxes was $6.50 on which the Sheriff charged 4‡ less interest than was actually due. The Court considered the mistake as a trifling one and applied the maxim “de minimis non curat lex” and held the tax sale valid. The Court said, however, that: “There can be no question but that a sale of property for an amount substantially less than the taxes, interest, and cost is an absolute nullity.”
The trial judge, in applying the last quoted language to the present case, stated: “While the amount of taxes due in this case is relatively small, there is a substantial difference between the amount due according to the advertisement and the amount of taxes which were actually due, as shown by the tax deed. The difference between the two amounts is great enough that it cannot be overlooked as a ‘trifle.’ ” When we consider that the taxes were 66‡, interest, 5$, notice 25‡ and advertisement $1.75, we are in thorough accord with the findings of the trial judge that this error is not trifling. While we realize that this case involves a defect in the advertisement, it must be in substantial compliance with the law, and a failure in this respect nullifies the sale.
We are, therefore, of the opinion that an advertisement for the sale of 'property for unpaid taxes which does not state the amount of taxes assessed or does state an amount in which there is a substantial difference between it and the amount actually due renders a sale made in connection therewith an absolute nullity. In reaching this conclusion we are not unmindful of the contentions of counsel for defendants to the effect that as the sale was made for the sum actually due and there was no error in the tax collector’s office but merely an error made by the type setter in setting up type for the advertisement that, therefore, neither the state, parish nor tax debtor were prejudiced. He further argues that the possibility of the plaintiffs having been adversely effected by this error is far too remote to be given the effect of rendering an otherwise valid tax sale invalid. Counsel’s argument is answered by the fact that the law provides that the advertisement shall state “ * * * the amount of taxes assessed in each year,” and in the instant case it called for the sale of property without the payment of taxes as previously stated herein, and in its most favorable light the advertisement was not in accordance with law due to the substantial error therein. We believe the cases cited by counsel for defendant inapposite to the case at bar. (Emphasis ours.)
It is, therefore, ordered that the judgment of the District Court be affirmed.
J. CLEVELAND FRUGE, J„ sitting ad hoc.